IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HERNDON CROUCH, DAN KLABANOFF and WILLIAM ALLEN, JR., ) ) ) Plaintiffs, ) ) v. ) ) WESTERN EXPRESS, INC., ) ) Defendant. ) | ) No. 3-11-0903 ) Jury Demand ) Magistrate Judge Griffin |

## DEFENDANT WESTERN EXPRESS, INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, Defendant Western Express, Inc. ("Defendant") respectfully submits this Renewed Motion for Judgment as a Matter of Law because there is no genuine issue of material fact and reasonable minds can only find in favor of Defendant. As explained more fully in Defendant's Memorandum of Law in Support of its Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial filed concurrently with the filing of this Motion, Plaintiffs Herndon Crouch's and Dan Klabanoff's claims of age discrimination fail as a matter of law for the following reasons:

(1) Statements allegedly made by Defendant's employees do not constitute direct evidence of age discrimination because the statements fail to meet the United States Court of Appeals for the Sixth Circuit's standard as the comments are too isolated, ambiguous, and unrelated to the decision-making process to equal direct evidence of age discrimination;

(2) Even if the alleged statements do constitute direct evidence of discrimination, Defendant would have made the same employment decisions concerning Plaintiffs Crouch and Klabanoff regardless, negating liability;

(3) Plaintiffs lack sufficient evidence to create genuine issues of fact concerning whether Defendant's legitimate, non-discriminatory reasons for its adverse employment actions were a pretext for age discrimination;

(4) Plaintiffs lack evidence that Defendant committed willful violations of the Age Discrimination in Employment Act ("ADEA") entitling Plaintiffs to liquidated damages; and

(5) Alternatively, if the Court grants Defendant's Motion as to Plaintiff Klabanoff but not as to Plaintiff Crouch, Crouch's damages should be reduced to six (6) months of back pay because the undisputed evidence shows he would have been laid off in July 2011.

Accordingly, this Court should direct the entry of a judgment as a matter of law in favor of Defendant.

Alternatively, pursuant to Rule 50(b) and Rule 59 of the Federal Rules of Civil Procedure, Defendant requests that this Court grant a new trial in this matter. As explained more fully in the Memorandum accompanying this Motion, Defendant should be granted a new trial in this matter for the following reasons:

(1) Given Plaintiffs lack of evidence constituting either direct or circumstantial evidence of discrimination, the jury's verdict is against the clear weight of the evidence;

(2) The admission of Shawn Fancher's testimony concerning comments Clarence Easterday allegedly made was erroneous because the comments constituted stray remarks and were therefore not relevant under Sixth Circuit caselaw and Federal Rules of Evidence 401 and 402. Furthermore, even if relevant, any probative value the statements had was substantially

outweighed by the danger of unfair prejudice and confusion of the issues, requiring exclusion under Federal Rule of Evidence 403. Finally, the admission of this evidence amounted to more than merely harmless error; and

(3) The Court's jury instruction and verdict forms regarding "WILLFULNESS" under the ADEA were erroneous, confusing, misleading, and prejudicial to Defendant because they did not properly inform the jury that upon a finding of willfulness, the Court was required to award Plaintiffs liquidated damages which doubled the award of back pay.

Accordingly, the Court should grant Defendant's Motion for a new trial of this matter.

IN SUPPORT OF ITS MOTION, Defendant relies upon the following:

(A) *Tibbs v. Calvary United Methodist Church*, No. 11-5238, 2012 WL 5861725 (6th Cir. Nov. 20, 2012), attached hereto as **Exhibit A**;

(B) Trial Testimony of Dan Klabanoff, attached hereto as **Exhibit B**;[1]

(C) Trial Testimony of Erik Morrison, attached hereto as **Exhibit C**;

(D) Trial Testimony of Clarence Easterday, attached hereto as **Exhibit D**;

(E) Trial Testimony of Herndon Crouch, attached hereto as **Exhibit E**;

(F) *Arnold v. Reliant Bank*, No. 3:11-cv-1083, 2013 WL 1182563 (M.D. Tenn. March 21, 2013), attached hereto as **Exhibit F**;

(G) Trial Testimony of Ron Rich, attached hereto as **Exhibit G**;

(H) Trial Testimony of Danny Jaye, attached hereto as **Exhibit H**;

---

[1] Defendant has filed the complete transcript of the trial testimony for each witness, except one, who testified at trial related to the facts and issues relevant to this Motion and the accompanying Memorandum of Law. The only witness whose testimony is not attached is Plaintiff William Allen, Jr. because his claims were dismissed at the close of Plaintiffs' proof.

3

7/3123871.2
202855-301002

Case 3:11-cv-00903    Document 86    Filed 06/10/13    Page 3 of 5 PageID #: 697

(I) *Kendel v. Local 17-A United Food & Commercial Workers*, No. 12-3409, 2013 WL 216020 (6th Cir. Jan. 22, 2013), attached hereto as **Exhibit I**;

(J) Trial Testimony of Shawn Fancher, attached hereto as **Exhibit J**;

(K) Portion of the Transcript Regarding the Charge Conference on Jury Instructions, attached hereto as **Exhibit K**;[2]

(L) Defendant's Proposed Jury Instruction Regarding "LIQUIDATED DAMAGES – SHOWING WILLFULNESS," attached hereto as **Exhibit L**;

(M) Defendant's Proposed Verdict Forms, attached hereto as **Exhibit M**; and

(N) *Miller v. Raytheon Co.*, Nos. 11-10586, 11-10988, 2013 WL 1845586 (5th Cir. May 2, 2013), attached hereto as **Exhibit N**.

In addition, Defendant relies upon the Memorandum of Law in Support of its Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial filed contemporaneously herewith.

WHEREFORE, Defendant Western Express, Inc. respectfully requests that this Court grant this Motion, direct the entry of a judgment as a matter of law in favor of Defendant, or in the alternative, grant a new trial, and order any additional relief as may be appropriate.

---

[2] Defendant has attached a portion of the transcript from the charge conference in which Defendant argued that there was not sufficient proof to even submit the "willfulness" issue to the jury, and then requested modification of the instruction regarding "willfulness," both of which were rejected by the Court.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/Matthew C. Lonergan*
Matthew C. Lonergan (BPR No. 010798)
1600 Division Street
Suite 700, P.O. Box 340025
Nashville, Tennessee 37203
(615) 244-2582
mlonergan@babc.com

Roland M. Lowell (BPR No. 3874)
Western Express, Inc. General Counsel
7135 Centennial Place
Nashville, TN 37209
(615) 259-9920
rlowell@westernexp.com

*Attorneys for Defendant Western Express, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being is being served via the Court's ECF system on this the 10th day of June, 2013, on:

>Stephen W. Grace
>1019 16th Avenue, South
>Nashville, TN 37212
>sgrace@sgracelaw.com
>
>Kerry E. Knox
>Castelli & Knox, LLP
>117 S. Academy Street
>Murfreesboro, TN 37130
>kek@castelliknox.com

*/s/Matthew C. Lonergan*
Matthew C. Lonergan

5