IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HERNDON CROUCH and DAN KLABANOFF )
)
   v. ) NO. 3:11-0903
)
WESTERN EXPRESS, INC. )

**MEMORANDUM**

Pending before the Court is Defendant Western Express, Inc.'s renewed motion for judgment as a matter of law, or in the alternative, motion for a new trial (Docket Entry No. 86), to which the Plaintiffs have responded in opposition (Docket No. 88). Also before the Court is the Defendant's reply (Docket Entry No. 89). For the reasons discussed herein, this motion will be granted in part and denied in part.

**I. BACKGROUND**

Herndon Crouch ("Crouch"), Dan Klabanoff ("Klabanoff"), and William Allen, Jr. ("Allen") brought this action against Western Express, Inc. ("Western Express") alleging claims of age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq. ("ADEA") and the Tennessee Human Rights Act, Tenn. Code Ann. §§ 4-21-101, et seq. ("THRA"). Western Express is a trucking company headquartered in Nashville, Tennessee, and the former employer of the Plaintiffs. The Plaintiffs alleged that they were wrongfully terminated from

employment because of their ages[1] despite performing their assigned duties in an acceptable and satisfactory manner. See Joint Pretrial Order (Docket Entry No. 49), at 2. The Defendant denied that it terminated the Plaintiffs from their employment because of their ages and contended that each Plaintiff had performance issues at his job and that the decisions to terminate the Plaintiffs' employment were made because of legitimate, nondiscriminatory business reasons. Id.

The case was tried to a jury on April 16-18, 2013. Upon the conclusion of the Plaintiffs' proof, the Defendant moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The motion was granted as to Allen and his claims were dismissed. See Order Entered May 14, 2013 (Docket Entry No. 70). The motion was denied as to Crouch and Klabanoff and their claims were submitted to the jury. The jury returned a verdict in favor of the two Plaintiffs awarding Crouch back pay in the amount of $50,000.00 and compensatory damages in the amount of $10,000.00 and awarding Klabanoff back pay in the amount of $15,000.00 and compensatory damages in the amount of $10,000.00. The jury also found that the Plaintiffs had proven by a preponderance of the evidence that the Defendant's conduct was a willful or reckless violation of the ADEA.

## II. THE DEFENDANT'S MOTION

Following the jury verdict, the Defendant timely filed a renewed motion for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure, or, alternatively, for a new trial under Rule 59(a) of the Federal Rules of Civil Procedure.

---

[1] At the time of their respective terminations, Crouch was 60 years old, Klabanoff was 58 years old, and Allen was 61 years old.

In support of its renewed request for judgment as a matter of law, the Defendant contends that:

(1) statements allegedly made by the Defendant's employees do not constitute direct evidence of age discrimination because the statements are too isolated, ambiguous, and unrelated to the decision-making process to equal direct evidence of age discrimination;

(2) even if the alleged statements do constitute direct evidence of discrimination, the Defendant would have made the same employment decisions concerning Plaintiffs Crouch and Klabanoff regardless, negating liability;

(3) the Plaintiffs lack sufficient evidence to create genuine issues of fact concerning whether the Defendant's legitimate, non-discriminatory reasons for its adverse employment actions were a pretext for age discrimination;

(4) the Plaintiffs lack evidence that the Defendant committed willful violations of the ADEA; and

(5) in the event that the Defendant's motion is denied as to Crouch, the award of back pay to Crouch should be reduced to six (6) months of back pay based on the undisputed evidence that he would have been laid off in July 2011.

See Docket Entry No. 86.

In support of its alternative request for a new trial, the Defendant contends that:

(1) the jury's verdict was against the clear weight of the evidence;

(2) the Court's admission of the testimony of Shawn Fancher concerning comments allegedly made by Clarence Easterday was erroneous because the comments were irrelevant or, even if relevant, were unfairly prejudicial and confusing and amounted to more than merely harmless error; and

(3) the Court's jury instructions and verdict forms regarding willfulness under the ADEA were erroneous, confusing, misleading, and prejudicial because they did not properly inform the jury that upon a finding of willfulness, the Court was required to award the Plaintiffs liquidated damages in an amount equal to the award of back pay.

Id.

## III. ANALYSIS

A. Renewed Motion for Judgment as Matter of Law under Rule 50(b)

A motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) may only be granted when, in viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains for the jury, and all reasonable minds would necessarily find in favor of the moving party. Gray v. Toshiba Am. Consumer Prods., Inc., 263 F.3d 595, 598 (6th Cir. 2001); Patton v. Sears, Roebuck & Co., 234 F.3d 1269, 1269 (6th Cir. 2000). A party seeking a judgment as a matter of law must "overcome the substantial deference owed a jury verdict." Radvansky v. City of Olmstead Falls, 496 F.3d 609, 614 (6th Cir. 2007). The Court must affirm the jury verdict unless the Court is left with a definite and firm conviction that a mistake resulting in plain injustice has been committed or if the verdict is contrary to all reason. Schoonover v. Consolidated Freightways Corp., 147 F.3d 492, 494 (6th Cir. 1998). The Defendant must show the evidence was so overwhelming that no jury could reasonably find in favor of the Plaintiffs. Id. In undertaking its analysis, the Court may not reweigh evidence or assess the credibility of witnesses. Sykes v. Anderson, 625 F.3d 294, 305 (6th Cir. 2010); Radvansky, 496 F.3d at 614.

The ADEA prohibits an employer from failing or refusing to hire, discharging, or discriminating "'against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" Provenzano v. LCI Holdings, Inc., 663 F.3d 806, 811 (6th Cir. 2011) (quoting 29 U.S.C. § 623(a)(1)).[2] A plaintiff may obtain relief under the ADEA if the plaintiff proves by a preponderance of the evidence that age was the "but-for"

---

[2] In addition to their ADEA claims, the Plaintiffs bring age discrimination claims under the THRA. Because the same legal analysis applies to age discrimination claims brought under the THRA and the ADEA, Bender v. Hecht's Dept. Stores, 455 F.3d 612, 620 (6th Cir. 2006), the Court's analysis of the ADEA claims apply with equal force to the THRA claims.

4

cause of the challenged employment action. Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 180, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009). A violation of the ADEA can be proven by either direct or circumstantial evidence. Provenzano, supra; Martin v. Toledo Cardiology Consultants, Inc., 548 F.3d 405, 410 (6th Cir. 2008). Direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. Provenzano, supra; Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 570 (6th Cir. 2003) (en banc). Direct evidence does not require the fact finder to draw any inferences to reach that conclusion. See Amini v. Oberlin Coll., 440 F.3d 350, 359 (6th Cir. 2006). Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus, but does allow a fact finder to draw a reasonable inference that discrimination occurred. Id.

The Defendant argues that the evidence presented at trial was insufficient to show that the Plaintiffs' age was the "but-for" cause of their terminations. The Defendant first contends that evidence of statements made by Ron Rich, the Defendant's Breakdown Department Manager, to Klabanoff and Crouch cannot be viewed as direct evidence of discrimination because Mr. Rich was not the ultimate decision maker with respect to the employment decisions regarding Crouch and Klabanoff and, further, because the comments made by Mr. Rich were too isolated, ambiguous, and unrelated to the decision-making process to constitute direct evidence of age discrimination.[3]

---

[3] Ron Rich is alleged to have made the following statements to Klabanoff: "don't you think it's time to let some younger people come in and have the opportunity to prove themselves" and "at [your] age, don't you think the stress is going to be a little too much for [you]." See Trial Test. of Klabanoff (Docket Entry No. 62), at 24-25. Mr. Rich is also alleged to have made another comment to Klabanoff that "basically addressed the same situation of [his] age and giving an opportunity to new younger people coming in and stress level." Id. at 25. Mr. Rich is alleged to have stated to Crouch "if you get up to a hundred and ten percent, in other words, speed up,…I might just get you back on days…But again, at your age, I don't know about that." See Trial Test. of Crouch (Docket Entry No. 63), at 12-13.

The Court does not agree. There was evidence before the jury in the testimony of Mr. Rich, Mr. Morrison, and Mr. Easterday that Mr. Rich was one of the Defendant's management employees who was involved in the decision making regarding the terminations of Crouch and Klabanoff.[4] Accordingly, the comments at issue were not remarks made by a random management employee in the Defendant's workplace. Further, these comments were all made within 45 days of the termination decisions regarding Crouch and Klabanoff. The comments were not made so far removed from the date of the terminations that the comments could not be reasonably viewed as having a proximate link to the termination decisions. Additionally, each of the comments related specifically to a negative link between older age and job performance or a positive link between younger age and job performance, each of the comments was specifically made in the context of the jobs of Klabanoff and Crouch, and two of the comments were direct comments on the age of Crouch and Klabanoff, respectively, made in a negative manner as it related to their jobs with the Defendant. The Court does not view the comments as vague, ambiguous, or isolated. See Sharp v. Aker Plant Servs. Grp., Inc., 726 F.3d 789 (6th Cir. 2013). The comments were direct evidence that could reasonably be viewed as supporting the Plaintiffs' claims, and the comments were properly presented to the jury for review. Whether the comments were innocuous, were significant evidence of discriminatory ageist animus, or fell somewhere in between was a determination to be made by the jury.

The Defendant next contends that it produced evidence at trial showing that reasons other than the Plaintiffs' ages motivated the termination decisions. As to Plaintiff Crouch, the Defendant

---

[4] According to the trial testimony, at the time of the Plaintiffs' terminations, Mr. Rich was the manager of the breakdown department, Mr. Morrison was the director of maintenance, and Mr. Easterday was the executive vice-president.

6

asserts that its evidence showed that Crouch was moved from the parts manager position to a breakdown coordinator position on the night shift in early 2011, but that, after only two weeks in the new position, Mr. Rich terminated Crouch's employment because Rich believed that Crouch was not performing adequately and would not be an "upgrade" to the breakdown department.  As to Plaintiff Klabanoff, the Defendant asserts that its evidence showed that, in July 2011, it eliminated all positions in the night and weekend breakdown department when it outsourced the work of that department to a third party vendor and Klabanoff's position as the supervisor of the night and weekend breakdown department, as well as the positions of four night and weekend breakdown coordinators, were eliminated.  The Defendant contends that its evidence shows that it would have made the same termination decisions regardless of any proof of age discrimination presented by the Plaintiffs.[5]  The Defendant further asserts that, in the face of its evidence of legitimate, non-discriminatory reasons for the termination decisions, the Plaintiffs failed to show that the Defendant's reasons were a pretext for age discrimination.

The Court does not agree.  Having reviewed the Defendant's motion and reviewed the record in the case in the light most favorable to the Plaintiffs, the Court concludes that the evidence was not so overwhelming in favor of the Defendant that the only reasonable decision that could be reached by the jury was one in favor of the Defendant.  There was evidence presented at trial of differing explanations for why Crouch was terminated, as well as for why he was moved from the parts

---

[5] The United States Supreme Court has held that the type of burden shifting analysis applicable to mixed motive cases under Title VII to which the Defendant referred in its supporting memorandum, see Docket Entry 87, at 7-8, does not apply in ADEA cases.  See Gross v. FBL Financial Services, Inc., 557 U.S. 167, 180, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009).  At all times, an ADEA plaintiff bears the burden of persuading the jury that the challenged employment action would not have occurred but for the defendant's consideration of the plaintiff's age.  Id.

department, and evidence showing that he had worked both days and nights after being transferred to the breakdown department. There was also evidence presented at trial suggesting that the Defendant hired a new employee at a time when it concurrently stated that a lack of work led to Crouch's termination, that the Defendant retained an employee in the breakdown department when the night and weekend shift of the breakdown department was outsourced, that the Defendant moved employees between different departments and between different work shifts in order to retain employees, and that Mr. Morrison specifically denied Klabanoff an opportunity to move to another position in the company prior to the night and weekend shift of the breakdown department being outsourced.[6] This evidence, coupled with the evidence of ageist statements made by the Defendant's management employees, provided a sufficient evidentiary basis for the jury's conclusion that the Plaintiffs showed that they would not have been terminated but for their age. In the face of conflicting evidence, the jury resolved the issues of fact and made the credibility determination inherent in resolving the ultimate decision that it was required to make. Although the Defendant presented at trial a theory of the facts supporting its contention that no age discrimination occurred, the jury rejected this theory. Based on the evidence presented, reasonable minds could have found in favor of either the Plaintiffs or the Defendant. As such, the Court will not disturb the verdict. See Radvansky, 496 F.3d at 614.

The Defendant also contends that, even if the jury's decision that the Defendant violated the ADEA is not overturned, the evidence presented at trial does not support the jury's finding of willfulness and judgment as a matter of law should be granted to it on this issue. A violation of the ADEA is considered "willful" if "the employer either knew or showed reckless disregard for the

---

[6] See Trial Testimony of Klabanoff (Docket Entry No. 62), at 27-28.

matter of whether its conduct was prohibited by the ADEA." Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128-29, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985); Tuttle v. Metro. Gov't of Nashville, 474 F.3d 307, 322 (6th Cir. 2007). The Plaintiffs must prove willfulness by a preponderance of the evidence. The Supreme Court has held that it is not sufficient to show that the employer "knew of the potential applicability of the ADEA," Thurston, 469 U.S. at 127, for such a broad standard would "virtually obliterat[e] any distinction between willful and nonwillful violations" and erode the "two-tiered liability scheme" contemplated by Congress. Hazen Paper Co. v. Biggins, 507 U.S. 604, 614–15, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993) (internal citation omitted). To support a claim for damages based on willfulness, it is not even enough to show that the employer "acted without a reasonable basis for believing that it was complying with the statute," because willfulness requires at least recklessness. See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 134–35, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (clarifying Thurston standard).

In the instant case, the Court has reviewed the evidence presented at trial and finds that, even when the evidence is viewed in the light most favorable to the Plaintiffs, there is not sufficient evidence from which a reasonable jury could find that the Defendant's violations were willful. The Court agrees with the Defendant that there was a scarcity of evidence presented at trial showing a knowing or reckless disregard of the Plaintiffs' ADEA rights by the Defendant as it concerned their terminations. Although there was evidence at trial that could reasonably support the jury's determination of an underlying ADEA violation as to the two Plaintiffs, there was a lack of any additional evidence of willfulness with respect to the decisions made regarding the Plaintiffs that supported the awarding of a second level of damages under the ADEA. See Jarvis v. Sauer Sundstrand Co., 116 F.3d 321, 324-25 (8th Cir. 1997).

9

The Defendant's final argument for its renewed motion for judgment as a matter of law is that the award of damages to Plaintiff Crouch should be reduced because the evidence at trial showed that, had he not been terminated, he would have remained employed in the night shift breakdown coordinator position for only six months until that position was eliminated in July 2011. Thus, the Defendant argues that the award of back pay should be reduced to an amount based upon only six months of employment with the Defendant. The Court does not agree. As noted supra, there was evidence presented at trial showing that the Defendant moved employees within its departments and that at least one breakdown coordinator was retained in another position with the Defendant when the night and weekend breakdown shift was outsourced. There was also conflicting evidence as to whether Crouch would have remained on the night shift or would have worked on the day shift. The evidence presented at trial, when viewed in the light most favorable to Plaintiff Crouch, was not so one-sided that the only reasonable back pay award the jury could have reached is the one presented by the Defendant. As such, the Court will not disturb the verdict. See Radvansky, 496 F.3d at 614.

B. Motion for a New Trial under Rule 59(a)

Under Rule 59(a) of the Federal Rules of Civil Procedure, the Court may grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." The Sixth Circuit has determined that new trials under this rule should only be granted "when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." Mitchell v. Boelcke, 440 F.3d 300, 303 (6th Cir. 2005) (internal citations omitted); Conte v. Gen.

Housewares Corp., 215 F.3d 628, 637 (6th Cir. 2000). The burden of demonstrating the necessity of a new trial is on the moving party, and the ultimate decision of whether to grant such relief is a matter vested within the sound discretion of the district court. Clarksville-Montgomery Co. Sch. Sys. v. U.S. Gypsum Co., 925 F.2d 993, 1002 (6th Cir. 1991).

The Defendant's first argument for a new trial is that the verdict in favor of Crouch and Klabanoff is against the weight of the evidence. In deciding a motion for a new trial based on the contention that the verdict is against the weight of the evidence, a trial court may compare and weigh the opposing evidence. Conte, 215 F.3d at 637. However, "the court is not to set aside the verdict simply because it believes that another outcome is more justified . . . . The court is to accept the jury's verdict 'if it is one which reasonably could have been reached.'" Denhof v. City of Grand Rapids, 494 F.3d 534, 543 (6th Cir. 2007) (internal citations omitted). A motion brought under Rule 59 is not an opportunity to re-argue the case, Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 395 (6th Cir. 2007), and a verdict should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable. J.C. Wyckoff & Assoc., Inc. v. Standard Fire Ins. Co., 936 F.2d 1474, 1487 (6th Cir. 1991).

The Defendant's argument that the verdict is against the weight of the evidence relies entirely upon its contention that there was no direct evidence in favor of the Plaintiffs and that there was insufficient evidence presented to the jury to show that the Defendant's asserted reasons for the adverse employment actions were pretext for age discrimination. As addressed supra, the Court rejects these arguments. Thus, there was sufficient evidence before the jury to support the verdict. The evidence presented at the trial required the jury to make credibility determinations and resolve

11

conflicting testimony. It is apparent that the jury resolved these issues against the Defendant and in favor of the Plaintiffs. The Court finds that the verdict of the jury, except on the finding of willfulness, is one that could reasonably be reached based on the evidence presented at trial. Therefore, granting a new trial on the basis of the verdict being against the weight of the evidence is not warranted.

The Defendant's final arguments for a new trial are that 1) the admission of the testimony of Shawn Fancher and 2) the Court's jury instruction and verdict form on the issue of willfulness under the ADEA were so erroneous, misleading, and prejudicial that they require a new trial. The Court is unpersuaded by either argument.

The Defendant argues that the Court should not have admitted the following testimony of Shawn Fancher that concerned statements purportedly made by Clarence Easterday:

> "I had to let one of my people go, due to Mr. Easterday. Mike Lewis come to me one day, said that Clarence, Mr. Easterday, wanted us to come and meet him in his office. They were doing a reduction on head count there. And he told me that I had to pick one of my employees to let go. I told him I couldn't really spare anyone, I needed them all. And he said, "choose." I told him I couldn't. He looked, and he says, "well, who is the oldest?" I said, I don't know, I don't ask their age. As long as they do me a good job, that's all I care about. Mike Lewis spoke up and said, probably Charles Dawson. Clarence turned to his laptop, done a little typing, looked at the monitor on the laptop, turned back to us and went, he's old; he's gone. A couple of days later, I got the paperwork and had to let him go.

See Trial Transcript, Testimony of Shawn Fancher (Docket Entry No. 64), at 5-6. The Defendant contends that Easterday's statements were not relevant because they had no relationship to Crouch or Klabanoff or the decision to terminate them and further, that Mr. Fancher could not testify as to the date or even time frame of the alleged statement.[7] Given the lack of any link to the Plaintiffs and

---

[7] Mr. Fancher worked for the Defendant between the summer of 2001, until February of 2011, see Docket Entry No. 64, at 4, but neither party elicited testimony from him about when

the lack of any time frame for the statements, the Defendant argues that the danger of prejudice arising from the admission of the testimony outweighed any probative value of the statements and the testimony should have been excluded under Rules 401-403 of the Federal Rules of Evidence.

Rule 401 of the Federal Rules of Evidence gives relevancy an extremely liberal definition. Dortch v. Fowler, 588 F.3d 393, 400 (6th Cir. 2009). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Id. (quoting Fed.R.Evid. 401). The statements of Mr. Easterday, a senior management employee who was involved in employment decisions generally and in the decisions to terminate the Plaintiffs, were relevant to his state of mind with respect to the decision to terminate one of the Defendant's other employees and constitute evidence of his express use of that employee's old age as the determinative factor in that termination decision. Even though Mr. Easterday's ageist statements were not directed toward the Plaintiffs or the Plaintiffs' terminations, his statements were nonetheless explicit evidence of the Defendant's consideration of an employee's old age in the decision-making process. As such, the statements were sufficiently probative on the issue of the Defendant's use of age as a motivating factor in termination decisions to render the statements relevant. The probative value of the statements outweighed any potential for unfair prejudice to the Defendant or jury confusion that may have accompanied the statements because of the lack of evidence of a time frame for the statements and a lack of a nexus to the Plaintiffs. See Ercegovich, 154 F.3d at 355. The exact probative value and the weight to be assigned to Mr. Easterday's statements and, further, the question of whether the

---

Mr. Easterday's statements were made.

statements were made at all, given that Mr Easterday denied making them, were determinations to be made by the jury.

With respect to the Court's instructions to the jury, the Defendant argues that the instruction given to the jury on willfulness under the ADEA was so "confusing, misleading, and prejudicial" as to require that a new trial be granted.[8] The entirety of the jury instruction at issue reads as follows:

### **WILLFULNESS**

If you determine that the Defendant violated the ADEA with respect to a Plaintiff, you must consider whether the Defendant's conduct was willful. If you find willfulness on the part of the Defendant in discriminating against a Plaintiff, the Court will award that Plaintiff money damages in addition to any damages you have awarded. Your only duty in this regard is to determine whether the Defendant acted willfully in violating a Plaintiff's right to be free from age discrimination.

A Plaintiff must show willfulness by a preponderance of the evidence. A violation of the ADEA is willful if the Defendant knew its action was a violation of the law or acted in reckless disregard for whether or not its conduct was prohibited. A violation is willful if it is done voluntarily, deliberately, and intentionally and not by accident, inadvertence, or ordinary negligence. A violation of the ADEA is not willful if the Defendant simply knew of the potential applicability of the law. Additionally, if the Defendant had a good faith and reasonable basis for believing that its conduct was not a violation of the ADEA, the Defendant has not acted willfully.

See Docket Entry No. 61, at 30. The Defendant contends that the instruction is flawed because it made no reference to the term "liquidated damages" and did not adequately inform the jury of the consequences of making a finding of willfulness. Specifically, the jury was not instructed that an additional award of damages in an amount equal to the award of back pay will be made if the jury

---

[8] As the Court found supra, the Defendant is entitled to judgment as a matter of law on the issue of willfulness and the jury's finding of willfulness will be reversed. Accordingly, the issue of the jury instruction on willfulness is moot. However, for the sake of completeness, the Court has, nonetheless, analyzed the Defendant's argument that the Court's instruction on willfulness was improper.

14

finds willfulness on the part of the Defendant. The Defendant further contends that the verdict form used in this action was similarly misleading because the verdict form merely required the jury to answer "yes" or "no" as to a finding of willfulness and did not inform the jury that an answer of "yes" would entitle the Plaintiff to an award of double his back pay amount as liquidated damages.

The Court is not persuaded by the Defendant's argument. With respect to an alleged erroneous jury instruction, a new trial should be granted only where the challenged instruction makes the instructions, as a whole, misleading or legally inadequate. Rivet v. State Farm Mut. Auto. Ins. Co., 316 Fed.Appx. 440, 446 (6th Cir. March 12, 2009); Arban v. West Publ'g Grp., 345 F.3d 390, 404 (6th Cir. 2003). The instruction given to the jury in the instant case adequately informed the jury of the relevant considerations regarding willfulness and provided them with a sound basis in law with which to reach its decision on the issue of willfulness. The jury was further instructed that, upon a finding of willfulness, the Court would award the Plaintiff damages in addition to any damages awarded by the jury. This adequately informed the jury of the consequence of a finding of willfulness on the part of the Defendant. The Defendant has not pointed the Court to any controlling precedent[9] that requires that the jury be specifically instructed as to the amount of damages that must be imposed upon a finding of willfulness or that the jury instruction include the phrase "liquidated damages." As a whole, the willfulness instruction and the verdict form given to the jury were not confusing, misleading, or prejudicial.

---

[9] The Sixth Circuit's decision in Wheeler v. McKinley Enter., 937 F.2d 1158, 1164-66 (6th Cir. 1991), involved the adequacy of language regarding willfulness that was included in an overall jury instruction, and the decision does not require that an ADEA willfulness instruction include language explaining that damages will be doubled or should be called liquidated damages. Further, neither Ray v. IUKA Special Mun. Separate Sch. Dist., 51 F.3d 1246 (5th Cir. 1995), nor Cassino v. Reichhold Chems., Inc., 817 F.2d 1338, 1348 (9th Cir. 1987), found a jury instruction regarding willfulness under the ADEA to be deficient for the reasons the Defendant argued.

## CONCLUSIONS

For the reasons stated herein, Defendant Western Express, Inc.'s renewed motion for judgment as a matter of law, or in the alternative, motion for a new trial (Docket Entry No. 86) will be GRANTED in part and DENIED in part.

An appropriate Order will enter.

JULIET GRIFFIN
United States Magistrate Judge