IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HERNDON CROUCH and DAN KLABANOFF )
)
v. ) NO. 3:11-0903
)
WESTERN EXPRESS, INC. )

**MEMORANDUM**

Pending before the Court is the Plaintiffs' motion for attorneys' fees (Docket Entry No. 74), to which the Defendant has filed an objection (Docket Entry No. 84). For the reasons discussed herein, this motion will be granted and part and denied in part.

**I. BACKGROUND**

Herndon Crouch ("Crouch"), Dan Klabanoff ("Klabanoff"), and William Allen, Jr. ("Allen") brought this action against their former employer, Western Express, Inc. ("Western Express"), alleging claims of age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq. ("ADEA") and the Tennessee Human Rights Act, Tenn. Code Ann. §§ 4-21-101, et seq. ("THRA"). Specifically, the Plaintiffs alleged that they were wrongfully terminated from employment because of their ages. The case was tried to a jury on April 16-18, 2013. Upon the conclusion of the Plaintiffs' proof, the Defendant's motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure was granted as to Allen and his claims were dismissed. See Order Entered May 14, 2013 (Docket Entry No. 70). The motion was denied as to Crouch and Klabanoff and their claims were submitted to the jury. The jury

returned a verdict in favor of the two Plaintiffs awarding Crouch back pay in the amount of $50,000.00 and compensatory damages in the amount of $10,000.00 and awarding Klabanoff back pay in the amount of $15,000.00 and compensatory damages in the amount of $10,000.00. The jury also found that the Plaintiffs had proven by a preponderance of the evidence that the Defendant's conduct was a willful or reckless violation of the ADEA.

By a separately entered Order, the Court has granted in part the Defendant's renewed motion for judgment as a matter of law (Docket Entry No. 86) and reversed the jury's finding of willfulness under the ADEA with respect to both Plaintiffs. Accordingly, the Order entered May 14, 2013 (Docket Entry No. 72), has been modified and the Court's award of fifty thousand dollars ($50,000.00) in liquidated damages to Plaintiff Crouch and award of fifteen thousand dollars ($15,000.00) in liquidated damages to Plaintiff Klabanoff has been vacated. The Defendant's renewed motion has been denied in all other respects.

## II. THE MOTION FOR ATTORNEYS' FEES

The Plaintiffs were represented in this case by three attorneys. Attorney Stephen Grace filed this lawsuit on behalf of the Plaintiffs and remained an attorney of record for the Plaintiffs throughout the action. However, a scheduling conflict prevented Mr. Grace from participating in the trial of the case and he associated attorney Jordan Sluder, who is his law partner, and attorney Kerry Knox on the case shortly before the trial when it was apparent that the case would be tried.

Mr. Grace has submitted an affidavit and time sheet attesting that he spent 38.4 hours on this case in the pretrial phase and he seeks compensation at an hourly rate of $395.00 per hour for a total award of $15,168.00. See Affidavit of Grace (Docket Entry No. 76). Mr. Sluder has submitted an

2

affidavit and time sheet attesting that he spent 58.3 hours on this case and he seeks compensation at an hourly rate of $200.00 per hour for a total award of $11,660.00. See Affidavit of Sluder (Docket Entry No. 77). Mr. Knox has submitted an affidavit and time sheet attesting that he spent 70.6 hours on this case and he seeks compensation at an hourly rate of $350.00 per hour for a total award of $24,710.00. See Affidavit of Grace (Docket Entry No. 78). In support of their request for attorneys' fees, the Plaintiffs' attorneys have also filed the Declarations of Douglas Janney, Michael Russell, and R. Steven Waldron, three local attorneys with experience in the field of employment law litigation, who declare that the amount of time spent on the case and the compensation rate requested are fair and reasonable. See Docket Entry Nos. 79-81.

### III. THE DEFENDANT'S OBJECTIONS

The Defendant raises three objections to the request for attorneys' fees. First, the Defendant notes that only Mr. Grace reduced his fees to account for the dismissal of the claim of Plaintiff Allen. The Defendant argues that, because it is impossible to calculate that amount of time that Mr. Sluder and Mr. Knox devoted to the claims of the two prevailing Plaintiffs as opposed to the time spend on Mr. Allen's claim, their requested fees should be reduced by one-third to account for work that was devoted to Mr. Allen's unsuccessful claim. Second, the Defendant argues that the fee requests are unreasonable because the Plaintiffs' counsel have attempted to justify their requested per-hour rate based on the fact that they took on the Plaintiffs' case as a contingency fee case and would only get paid if they won. The Defendant contends that it is improper to consider the potential risk of loss to the Plaintiffs' counsel as a justification for their requested hourly rates. Third, the Defendant argues that the billing records of Mr. Sluder and Mr. Knox are too vague and do not provide the

requisite amount of detail to properly gauge whether the stated amount of hours worked are reasonable.

### IV. ANALYSIS

Under the ADEA, "the court in such actions shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); Fegley v. Higgins, 19 F.3d 1126, 1134 (6th Cir. 1994).

The initial step in determining a reasonable attorney's fee is to consider the lodestar amount, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005). The fees awarded must be reasonable and "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004); Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 349 (6th Cir. 2000); Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999), citing Blum v. Stenson, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). When a plaintiff has obtained excellent results, his counsel is entitled to a "full compensatory fee," Hensley, 461 U.S. at 435, and a reduction in attorneys fees is appropriate only in "rare and exceptional cases where specific evidence requires it." Isabel, 404 F.3d at 416.

As an initial matter, the Court first finds that the billing records submitted by Mr. Sluder and Mr. Knox are sufficiently detailed to satisfy their obligation of showing the Court that the requested hours were actually and reasonably expended in the prosecution of this case. See Hensley, 461 U.S. at 433-34; Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 553 (6th Cir. 2008). The time

4

entries of both Mr. Sluder and Mr. Knox are broken down by specific date, specific amount of time spent per day, and a summary of what activity was involved. See Docket Entry No. 77, at 4; and Docket Entry No. 78, at 5. Additionally, 13 of the 20 entries by Mr. Knox and 3 of the 11 entries by Mr. Sluder are specific summaries of the work activity involved. Id. Although the remainder of the work summaries from Mr. Sluder and Mr. Knox are listed as only "trial preparation" or "trial & preparation," the Court finds that these descriptions are sufficient given the work performed and that counsel is not required to provide more specific details listing subcategories of trial preparation. The billing statements from Mr. Sluder and Mr. Knox are sufficiently detailed and, as such, the instant case differs significantly from Bates v. Dura Auto. Sys., Inc., 2011 WL 3664444, *2 (M.D. Tenn. Aug. 19, 2011), cited by the Defendant. In Bates, the Court found that an attorney's submission of records that simply listed the amount of fees billed for a task did not satisfy either the requirement to show the reasonableness of his requested fees or the requirement of Rule 54.01(b)(3) of the Local Rules of Court.[1]

The Defendant also argues that the requested hourly rates are unreasonable because the rates have been enhanced or increased to account for the contingency fee nature of the Plaintiffs' case. The Court is not persuaded by this argument. The Court acknowledges that there are portions of the Plaintiffs' memorandum in which they ask the Court to consider the contingency fee nature of the instant case in determining the reasonableness of the requested hourly rate and, in his declaration, Doug Janney also offers his opinion on the difficulties faced by attorneys who litigate employment discrimination cases on a contingency basis. See Docket Entry No. 75, at 2 and 4; Docket Entry

---

[1] Local Rule 54.01(b)(3) requires that an attorney's fee application be supported by an affidavit that, among other things, sets out "in detail the number of hours spent on each aspect of the case."

No. 79, at ¶ 7. However, the Court views these statements as gratuitous comments since there is no showing that the hourly rates requested by counsel are, in fact, higher than hourly rates counsel would charge in a non-contingency fee case and in light of the three supporting affidavits presented by the Plaintiffs' counsel that support the reasonableness of the hourly rates requested for the work performed in the instant case. Further, in viewing the reasonableness of the rates requested, the Court has not given any consideration in favor of the Plaintiffs' counsel because counsel undertook a risk of not obtaining any fees when they agreed to represent the Plaintiffs in this case.

Nonetheless, the Court finds that the hourly rate requested by Mr. Knox is somewhat unreasonably high given his practice experience of only nine years and given that the amount of his reasonable hourly rate was determined to be $275.00 in a recent case from the Eastern District of Tennessee. See Sakich v. Bedford Cnty., Tenn., No. 4:11-cv-42, Memorandum and Order entered June 12, 2013. Accordingly, the Court finds that $325.00 per hour is the appropriate hourly rate for Mr. Knox for this case.

After determining the presumptive lodestar award, the Court may adjust the award upward or downward based upon consideration of the following factors, as first enunciated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Blanchard v. Bergeron, 489 U.S.

87, 91 n.5, 109 S.Ct. 39, 103 L.Ed.2d 67 (1989); Hensley, 461 U.S. at 430 n.4; Isabel, 404 F.3d at 415; Paschal v. Flagstar Bank, 297 F.3d 431, 435 (6th Cir. 2002); Adcock-Ladd, 227 F.3d at 349 & n.8. The most important factor in determining the reasonableness of an attorneys' fees is the degree of success obtained. Hensley, 461 U.S. at 436; Farrar v. Hobby, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); Isabel, 404 F.3d at 416.

The Court agrees with the Defendant that the lodestar award as to Mr. Sluder and Mr. Knox should be decreased by one-third (33%) because of the dismissal of Mr. Allen's claim. Because counsel for the Plaintiffs did not achieve success on the claim of Mr. Allen, they should not be awarded attorneys fees for work devoted to his claim. Although Mr. Grace reduced his fees to account for work time related to Mr. Allen, there is nothing to indicate that Mr. Sluder and Mr. Knox made a similar reduction in their fee request. Further, the Plaintiffs did not file or seek to file a reply to address the Defendant's argument that a fee reduction of one-third is warranted because Mr. Allen did not prevail on his claim. Accordingly, the fees requested by Mr. Sluder and Mr. Knox for all work performed prior to April 18, 2013,[2] shall be reduced by one-third. See Bates, 2011 WL 366444, at *3. Mr. Sluder's fees are thus $6,666.66 (50 hours for pre-April 18, 2013, work X $200.00 reduced by 1/3) + $1,660.00 (8.3 hours X $200). Mr. Knox's fees are thus $12,696.66 (58.6 hours for pre-April 18, 2013, work X $325.00 reduced by 1/3) + $3,900.00 (12 hours X $325).[3]

---

[2] As the Defendant noted, Mr. Allen's claim was dismissed from the action on April 17, 2013.

[3] Although, as noted supra at 2, the Court has in a separately entered Order reversed the jury's finding of willfulness under the ADEA with respect to Plaintiffs Crouch and Klabanoff, the Court does not find that the reversal of the willfulness award warrants any additional reduction of the attorney fees awarded herein.

## CONCLUSIONS

For the reasons stated herein, the Plaintiffs' motion for attorneys' fees (Docket Entry No. 74) is GRANTED in part and DENIED in part as follows:

1) Mr. Grace is awarded attorney's fees of $15,168.00.

2) Mr. Sluder is awarded attorney's fees of $8,326.66; and

3) Mr. Knox is awarded attorney's fees of $16,596.66.

An appropriate order will enter.

JULIET GRIFFIN
United States Magistrate Judge